U.S. DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| OWEN RHEA § | | CIVIL ACTION NO. |
| *Plaintiff* § | | |
| v. § | | |
| CHIFICI ENTERPRISES, INC. | | |
| d/b/a DEANIE'S SEAFOOD   & § | | JUDGE |
| CHANDRA CHIFICI | | |
| *Defendants* § | | MAG. JUDGE |

## PLAINTIFF'S FIRST ORIGINAL COMPLAINT

Plaintiff, Owen Rhea, brings forth this action against Defendant, Chifici Enterprises, Inc. d/b/a Deanie's Seafood (Deanie's Seafood) under Title VII of the Civil Rights Act on the basis of religious discrimination and retaliation, and against Defendant, Deanie's Seafood and Defendant, Chandra Chifici, *jointly*, under the Fair Labor Standards Act for making deductions to his pay, thus unlawfully bringing his hourly rate below the federal minimum wage.

## PARTIES

1. Plaintiff, Owen Rhea (Rhea) is domiciled in Metairie, in Jefferson Parish. At all relevant times herein, Rhea was an employee of the Defendant.

2. Defendant Chifici Enterprises, Inc. (Deanie's Seafood) is a Louisiana incorporated company doing business as "Deanie's Seafood." Rhea was employed by Deanie's

1

Seafood at all relevant times herein until Deanie's Seafood constructively discharged him on February 15, 2017.

3. Defendant Chandra Chifici (Chifici) has an ownership interest in Deanie's Seafood and all times relevant herein supervised and managed Rhea, and other employees at the restaurant's Bucktown location.

## JURISDICTION AND VENUE

4. Plaintiff exhausted his administrative remedies and was issued a Right-To-Sue notice by the EEOC. *Exhibit A*. This Court has subject matter jurisdiction over the action under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000e-5(f)(3).

5. This Court also has subject matter jurisdiction over this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

6. Venue is proper in the United States District Court for the Eastern District of Louisiana under 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims occurred in the Parish of Jefferson where Deanie's Seafood maintains its principal place of business and where Chandra Chifici managed the Bucktown location.

## FACTS

7. Rhea is an African-American man and the Worship Leader of Crescent City Rock Church, located in the City of New Orleans. Rhea, is also a cook by trade, and began working in the food and service in 1996.

8. In May 2017, Rhea submitted an application to work in the kitchen at Deanie's Seafood. On this application, Rhea listed his pastor of eight years, Pastor Louviere of Crescent

City Rock Church, as a reference. Crescent City Rock Church is a "Baptist-Non-Denomination" congregation, that was first incorporated in 2009.

9. Rhea is a life-long Baptist. He has been the Youth Minister and the Praise and Worship Leader at his church for the past four years. He has been, and is, an integral part of the church's Sunday services for those reasons and therefore his religious practice is critical on the morning of that day.

10. Chifici, owner and manager of Deanie's Seafood, interviewed Rhea.

11. During the interview with Chifici, Rhea disclosed that he was "very involved in his church ministry," and served as the Youth Minister and Praise and Worship Leader. As such, he requested an accommodation that would allow him to attend worship services on Sunday. He also requested an accommodation to attend AA meetings.

12. Chifici, in response to Rhea's requests, said that "there was no problem," and she could accommodate both of his requests.

13. Prior to the interview's end, Chifici hired Rhea and set his hourly pay at $9.50 an hour.

14. Chifici then made an explicit accommodation to Rhea's schedule so that he did not work shifts that conflicted with Sunday services. Chifici also scheduled Rhea so that he could attend his AA meetings without conflict.

15. Within two to three months' time, Chifici raised Rhea's hourly rate to $10.00 an hour.

16. On or about June to July 2017, Chifici began pressing Rhea to accept shifts that would conflict with his participation in Sunday services because the restaurant was short-staffed.

17. Wanting to demonstrate himself as a team player and desiring to accommodate Chifici, Rhea agreed, with the understanding that his schedule change would be temporary, and

that he would eventually go back to having his Sunday religious practice accommodation request honored.

18. Despite hiring more staff, however, Chifici did not return Rhea to his previous schedule and continued to schedule Rhea to work on Sunday shifts such that he could not attend worship services on that day.

19. On September 11, 2017, Rhea submitted a written shift change request to Chifici re-urging the request he made during his interview, saying: "Ms. Chandra can I please have every other Sunday off or can I start coming in for 4pm on Sundays so I can go to Sunday worship, haven't been in a month [and] a half."

20. Chifici denied Rhea's September request to change shifts almost immediately, saying that she had a restaurant to run and boasted "I AM GOD HERE," and then proceeded to berate Rhea with a series of expletives.

21. On or about December 15, 2017, Rhea re-urged his request by presenting Chifici with Pastor Louviere's letter requesting that Rhea not be scheduled on Sunday morning's to "…lead worship."

22. At the time Chifici read Pastor Louviere's letter, Rhea was locked in the restroom. In front of the restaurant's other employees, Chifici made a scene and began to scream and beat her fists on the door yelling "YOUR PASTOR DOESN'T NEED TO BE IN MY BUSINESS. I TOLD YOU, I AM GOD HERE!"

23. Chifici continued to beat on the restroom door until Rhea opened the door. At that time, she continued to scream at Rhea and told him that she didn't care about his pastor's letter and that it would not make a difference.

24. Almost immediately thereafter, on December 18, 2017, Chifici disciplined Rhea after another manager approved Rhea to change shifts with another employee so that he could attend Sunday worship services. Chifici also disciplined him for clocking in early despite being directed by a manager to do so. She then placed him on a one-week suspension without pay and warned that "If this happens again, employee will be fired." In actuality, Chifici did not place Rhea on the schedule again for two to three weeks.

25. Following Rhea's suspension of December 2017, Deanie's Seafood began reducing his weekly work hours.

26.  Chifici also began regularly directing Rhea to complete cleaning tasks that he had never been asked to perform before requesting a religious practice accommodation, and which in fact, he had not seen any other employee being asked to do, such as cleaning the drippings and waste under the fry station. Chifici also directed him to clean the restaurant freezer when it stopped working and the food spoiled. These requests were pointedly made in front of his co-workers and were intended to make him feel small and inferior: he was humiliated.

27. Just a few weeks later, on Valentine's day, February 14, 2018, Rhea was working the fryer in the kitchen when his supervising chef approached him with a special preparation request from a customer. Per the chef, the customer requested that his shrimp be "fried hard" (fried twice, well done). Rhea did so, and the seafood was plated and placed on the line by the chef.

28. Chifici became aware of the well-done shrimp, and despite having been directed by his supervising chef to prepare the shrimp in this way, Chifici berated Rhea for over-frying

the shrimp and told him that she was deducting from his wages the cost of the meal, listed on the menu at a charge of $40.

29. Rhea earned an hourly rate of $10 per hour, and on that particular day, was working only a four-hour shift. Accordingly, Rhea calculated that this deduction would net him no wages for the night. Further, Rhea knew of no instance where deductions of this nature were policy at Deanie's Seafood. As such, Rhea requested to clock out and end his shift early and to which Chifici said "Fine. Go ahead and clock out."

30. The following day, Rhea returned to Deanie's Seafood to work his scheduled shift. Before he could clock in, a supervisor told Rhea that he was not on the schedule because Chifici had said he had walked off the job the day before and resigned.

31. On March 2018, Rhea filed an EEOC charge against Deanie's Seafood on the basis of religious discrimination, also alleging that there were adverse employment consequences in response to his request.

32. On September 3, 2019, the EEOC issued and mailed Rhea his Right-To-Sue notice, attached here as *Exhibit A*.

## COUNT ONE: TITLE VII OF THE 1964 CIVIL RIGHTS ACT

33. Plaintiff re-alleges and incorporates paragraphs 1-32.

34. Title VII of the 1964 Civil Rights Acts prohibits employers from engaging in religious discrimination against its employees. This prohibition includes refusing to reasonably accommodate an employee's religious beliefs or practices.

35. Rhea made Deanie's Seafood aware that he was actively and critically involved in the ministry of his church. He made an initial request for an accommodation for his religious practice which was granted without hesitation.

36. After returning to a Sunday shift to accommodate Deanie's Seafood temporarily, Rhea twice re-urged his request for religious accommodations. Those requests were rejected immediately by Chifici.

37. As a result of those requests, Rhea suffered an adverse employment action, when Deanie's Seafood began reducing his weekly hours, and berating and assigning him tasks intended to embarrass and humiliate him in front of his co-workers.

38. After presenting Pastor Louviere's letter to Chandra Chifici, Rhea also suffered an adverse action, when, on the day, following the presentation of the pastor's letter, Chifici disciplined him twice and placed him on a suspension that resulted in Rhea's losing three weeks of wages.

39. Rhea also suffered an adverse action Deanie's Seafood constructively discharged him on February 15, 2018.

40. Deanie's Seafood violated Title VII by failing to make a reasonable accommodation so that Rhea could practice his religion by participating in worship services as the Youth Minister and Praise and Worship Leader at Crescent City Rock Church on Sundays.

**COUNT TWO: TITLE VII RETALIATION**

41. Plaintiff re-alleges and incorporates paragraphs 1-32.

42. Title VII of the Civil Rights Act prohibits employers from retaliating against an employee who opposes an unlawful employment practice.

43. Despite Deanie's Seafood having accommodated Rhea's religious practices upon his hire, Deanie's Seafood thereafter retaliated against Rhea as a result of his request to re-accommodate his religious practice, by taking adverse action, namely, by imposing

7

unwarranted disciplinary action against him, publicly humiliating and demeaning him in front of other staff, and finally constructively terminating his employment.

## COUNT THREE: FAIR LABOR STANDARDS ACT

44. Plaintiff re-alleges and incorporates paragraphs 1-32.

45. Deanie's Seafood was Rhea's employer as defined by 29 U.S.C. § 203 (d) because Rhea was an integral part of its food and meal production; Deanie's Seafood paid Rhea an hourly rate and set his weekly schedule and set the number of hours he could work; Deanie's Seafood also supervised and controlled the manner in which he performed his work.

46. Chandra Chifici was Rhea's employer as defined by 29 U.S.C. § 203 (d) because she personally acted directly in the interest of Deanie's Seafood in that she possessed the power to hire and terminate Rhea, and in fact exercised that power. Chifici also determined Rhea's hourly rate and later raised his pay.

47. Further, Rhea is covered under FLSA because Deanie's Seafood is an enterprise " …engaged in commerce or in the production of goods for commerce," as defined by 29 U.S.C. § 203 (s) (1), because: 1) it has two or more employees who regularly manage and process credit card purchases and 2) upon information and belief, has a gross annual revenue in excess of $500,000.

48. FLSA prohibits employers from making deductions to an employee's pay when the deduction would result in an hourly rate below that of the federal minimum wage.

49. Deanie's Seafood and Chandra Chifici violated FLSA by making deductions to Rhea's wages for the value of a customer's meal he prepared at the direction of his supervisor,

and for the cost of his Deanie's Seafood issued uniform. Both deductions resulted in Rhea making an hourly rate below the federal minimum wage of $7.25.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, Owen Rhea, prays for trial by jury, and that after due proceedings, there be judgment in his favor and against Deanie's Seafood and Chandra Chifici, for the following relief:

**A.** Declatory Judgment stating the conduct of Deanie's Seafood violated 42 U.S.C. § 2000e-2(a).

**B.** Punitive and Compensatory damages, including backpay wages, and applicable interest;

**C.** Liquidated damages;

**D.** Attorney Fees and Costs;

**E.** Unpaid wages;

**F.** All other equitable relief that this Court finds just.

**DATED:**     November 27, 2019

RESPECTFULLY SUBMITTED,

STUART H. SMITH LAW CLINC &
CENTER FOR SOCIAL JUSTICE

/s/ Andrea M. Agee
Andrea M. Agee, LSBN 34887
Luz M. Molina, LSBN 09539
Alexis Stanley, Student Practitioner
7214 St. Charles Avenue, Box 902
New Orleans, Louisiana 70118
Telephone: 504 861 5501
Facsimile: 504 861 5532
amagee@loyno.edu
molina@loyno.edu
abstanle@my.loyno.edu